

PAUL L. REIN, State Bar No. 43053
CELIA MCGUINNESS, State Bar No. 159420
CATHERINE CABALO, State Bar No. 248198
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
JEAN RIKER

* *Defendants' counsel listed after the caption*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN RIKER,<br><br>        Plaintiff,<br>v.<br><br>THE GAR WOOD RESTAURANT, a California Limited Partnership, dba GAR WOODS GRILL AND PIER; THE GAR WOOD BUILDING, a California Limited Partnership; THOMAS A. TURNER; and DOES 1-20, Inclusive,<br><br>        Defendants. | Case No. 2:12-cv-03011-TLN-AC<br><br>Civil Rights<br><br>**CONSENT DECREE AND ORDER AS TO INJUNCTIVE RELIEF; DAMAGES; AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS** |

PORTER SIMON
LOUIS A. BASILE, ESQ. (State Bar No. 47432)
210 Grove Street
P.O. Box 5339
Tahoe City, CA 96145
Telephone: 530/583-7268
Facsimile: 530/583-7209
basile@PorterSimon.com

Attorneys for Defendants
THE GAR WOOD RESTAURANT,
a California Limited Partnership, dba
GAR WOODS GRILL AND PIER; THE
GAR WOOD BUILDING, a California
Limited Partnership; and THOMAS A. TURNER

1. Plaintiff JEAN RIKER filed a Complaint in this action on December 14, 2012 to obtain recovery of damages for her discriminatory experiences, denial of access, and denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendants THE GAR WOOD RESTAURANT, a California Limited Partnership, dba GAR WOODS GRILL AND PIER; THE GAR WOOD BUILDING, a California Limited Partnership; THOMAS A. TURNER (all defendants sometimes referred to as "Defendants"), relating to the condition of Defendants' public accommodations as of July 15, 2012 and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 5000 North Lake Blvd., Carnelian Bay, California.

2. Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations

of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief claims against Defendants that have arisen out of the subject Complaint.

6. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the 2010 California Building Code, and 2010 Americans with

Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

        a)    **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in **Attachment A**.  The corrective work shall also include the creation of an accessible women's restroom, described in **Attachment B**, which is also attached and incorporated herewith.

        b)    **Timing of Injunctive Relief**:  Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within 15 business days of the entry of this Consent Decree by the Court. Defendants will commence work within 20 days of receiving approval from the appropriate agencies.  Defendants will complete all work, other than asphalt/paving, by January 1, 2014.  Asphalt/paving work will be completed by June 30, 2014.  In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 5 days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice.  If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court.  Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any

case will provide a status report to Plaintiff's counsel no later than 90 days from the Parties' signing of this Consent Decree and Order.

        c)     Defendants will notify Plaintiff in writing at the end of 90 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all access is provided.  If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement.  If the Parties disagree, such fees shall be set by the Court.

**DAMAGES:**

    7.     The Parties have reached an agreement regarding Plaintiff's claims for damages.  Defendants shall pay to Plaintiff the amount of $15,000 as full and final resolution of Plaintiff's claims for damages -- including but not limited to all civil rights, statutory, actual, and personal injury damages; also including but not limited to general, compensatory, and special damages.  Payment shall be made by check payable to "PAUL L. REIN IN TRUST FOR JEAN RIKER."  Payment shall be received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A,

Oakland, CA 94110 no later than December 1, 2013.  Plaintiff's attorneys' office shall provide Defendants with a W-9 for the payment described in this paragraph.

**ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

8. The Parties have reached an agreement regarding Plaintiff's claims for attorneys' fees, litigation expenses, and costs.  Defendants shall pay to Plaintiff the amount of $40,000 as full and final resolution of Plaintiff's claims for attorneys' fees, litigation expenses, and costs.  Defendants shall make four (4) installment payments as follows: $10,000 on or before January 31, 2014; $10,000 on or before February 28, 2014; $10,000 on or before March 31, 2014; and $10,000 on or before April 30, 2014.  All payments described in this paragraph shall be made by check payable to "PAUL L. REIN."  Payments shall be received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland, CA 94110 by each stated installment due date.  Plaintiff's attorneys' office shall provide Defendants with a W-9 for the payments described in this paragraph.  If Defendants do not make payment as described in this paragraph within 10 days of any of the stated due dates, the full amount remaining will be due immediately.  Plaintiff specifically reserves her right to seek additional attorney fees and costs related to delayed payment(s) by Defendant.

//

//

**ENTIRE CONSENT DECREE AND ORDER:**

9. This Consent Decree and Order and **Attachments A** & **B** constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

11. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all

- 7 -

obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

12.     Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and

causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.  Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this lawsuit and settlement thereof.

**TERM OF THE CONSENT DECREE AND ORDER:**

13.     This Consent Decree and Order shall be in full force and effect, and Magistrate Judge Kendall J. Newman shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order until the injunctive relief contemplated by this Order is completed and damages, attorney fees, litigation expenses, and costs are paid.

**SEVERABILITY:**

14.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

//

//

//

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

Dated: November 1, 2013        PLAINTIFF JEAN RIKER


                               JEAN RIKER

                               _____
                               JEAN RIKER


Dated: November 11, 2013       DEFENDANT THE GAR WOOD
                                    RESTAURANT, a California Limited
                                    Partnership, dba GAR WOODS GRILL
                                    AND PIER

                               By:      Thomas A. Turner        

                               Print name: Thomas Turner
                               Title: President On the Water, Inc.
                                      General Partner
_____

Dated: November 11, 2013       DEFENDANT THE GAR WOOD BUILDING, a
                                    California Limited Partnership

                               By:      Thomas A. Turner        

                               Print name: Thomas A. Turner
                               Title: President, On The Water, Inc.
                                      General Partner_____


Dated: November 11, 2013       DEFENDANT THOMAS A. TURNER

                               By:      Thomas A. Turner        
                                     THOMAS A. TURNER

- 11 -

CONSENT DECREE & ORDER
Case No. 2:12-cv-03011-TLN-AC

APPROVED AS TO FORM:


DATED: November 5, 2013        **LAW OFFICES OF PAUL L. REIN**

                               By:  */s/Catherine Cabalo*
                                    Catherine Cabalo, Esq.
                               Attorneys for Plaintiff
                               JEAN RIKER


DATED: November 11, 2013       **PORTER SIMON**

                               By:  */s/Louis A. Basile*
                                    Louis A. Basile, Esq.
                               Attorneys for Defendants
                               THE GAR WOOD RESTAURANT, a
                               California Limited Partnership, dba GAR
                               WOODS GRILL AND PIER; THE GAR
                               WOOD BUILDING, a California Limited
                               Partnership; and THOMAS A. TURNER

- 12 -

CONSENT DECREE & ORDER
Case No. 2:12-cv-03011-TLN-AC

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: November 13, 2013

_____
Troy L. Nunley
United States District Judge

- 13 -

CONSENT DECREE & ORDER
Case No. 2:12-cv-03011-TLN-AC